Neustadt et al. *v.* Illinois Central R. R. Co.

MORRIS NEUSTADT AND THE CITY OF LA SALLE

*v.*

THE ILLINOIS CENTRAL RAILROAD COMPANY.

1. EXEMPTION FROM TAXES — *Illinois Central Railroad Company.* Under the act of February 10, 1851, incorporating the Illinois Central Railroad Company, no city or town authority can impose a tax for municipal purposes, on the property of that company which may be within its limits.

2. ACTS OF INCORPORATION *are contracts, and are inviolable.* The act to incorporate the Illinois Central Railroad Company, which declares certain exemptions of the property of the company from taxation, is a contract between the State and the company, which cannot be changed or annulled without the consent of both contracting parties.

WRIT OF ERROR to the Circuit Court of the county of La Salle; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The only question arising upon the record in this case, is, whether the act of the General Assembly, passed the 23rd day of June, A. D. 1852, incorporating the city of La Salle, confers upon said city the right to levy a tax, for municipal purposes, upon all the property of said railroad company, situated within the limits of said city, or does the act of the General Assembly, passed February 10th, 1851, still continue in force, with reference to property of said company, situated within said city, and exempt said company from the payment of any such taxes on any of said property.

The Circuit Court held that the company was not liable to pay such taxes on said property, and a judgment was entered in accordance with that view of the law.

Neustadt and City of La Salle thereupon sued out this writ of error, and now question the correctness of the ruling of the court below.

Mr. E. F. BULL, for the plaintiffs in error.

Messrs. GLOVER, COOK & CAMPBELL, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court.

The question arising on this record is, have the corporate authorities of the city of La Salle power to levy a tax for municipal purposes upon the property of the Illinois Central Railroad Company, situated within the limits of that city?

By the act incorporating the Illinois Central Railroad Company, approved February 10, 1851, it is provided by section 22, that the lands selected under the act of Congress, and thereby authorized to be conveyed, shall be exempt from all taxation under the laws of this State, until sold and conveyed by said corporation or trustees, and the other stock, property and effects of said company shall be in like manner exempt from taxation for the term of six years from the passage of this act. After the expiration of six years, the stock, property and assets belonging to said company shall be listed by the president, secretary or other officer, with the auditor of State, and an annual tax for State purposes shall be assessed by the auditor upon all the property and assets of every name, kind and description belonging to said corporation. Whenever the taxes levied for State purposes shall exceed three-fourths of one per centum per annum, such excess shall be deducted from the gross proceeds or income herein required to be paid by said corporation to the State, and the said corporation is hereby exempted from all taxation of every kind, except as herein provided for. (Session Laws 1851, page 72.)

The act to incorporate the Illinois Central Railroad Company, of which the above section is part, is a contract between the State and the company, which cannot be changed or annulled without the consent of both contracting parties.

In consideration of the undertaking of the company to construct a great thoroughfare, which should involve the expenditure of millions, and which was an experiment, and seven per cent. of the gross amount of its receipts or income to be paid to the State, the company was relieved from the payment of all other than State taxes, to be assessed as

provided for in this section. The language is plain and explicit, "The said corporation is hereby exempted from all taxation of every kind except as herein provided for."

This being the contract between the State and the corporation, no city or town authority can impose a tax for municipal purposes, on the property of that company which may be within their limits. *Illinois Central Railroad Company* v. *The County of McLean*, 17 Ill. 291.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*